UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETRAVUE INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ST. PAUL FIRE & MARINE INSURANCE COMPANY, <br><br> Defendant. <br><br> And Related Counter-Claim. | Case No.: 14-CV-2021 W (BLM) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' JURY DEMAND [DOC. 68]** |

Pending before the Court is Defendant St. Paul Fire & Marine Insurance Company's motion to strike Plaintiffs Tetravue, Inc. and Paul Banks' jury demand. The Court decides the motion on the papers submitted, and without oral argument. See Civ.L.R. 7.1.d.1. For the reasons that follow, the Court **GRANTS** Defendant's motion [Doc. 68], and **DENIES** Plaintiffs' request for relief.

1

## I. BACKGROUND

In 2009, Plaintiff Paul Banks filed a lawsuit against his former employer, General Atomics. In April 2010, General Atomics filed a cross complaint against Banks and Plaintiff Tetravue, Inc., a company Banks founded after leaving General Atomics.

Defendant St. Paul issued a commercial general liability policy to Tetravue, effective December 15, 2009. On January 6, 2011, Plaintiffs tendered their defense of General Atomics' cross complaint to St. Paul. The defense tender was denied.

On February 24, 2011, Plaintiffs filed a lawsuit for declaratory relief against St. Paul in the San Diego Superior Court. Eventually, the parties filed cross-motions for summary judgment. The Superior Court granted St. Paul's motion and denied Plaintiffs' motion. Plaintiffs appealed the decision, and on July 19, 2013, the Court of Appeal reversed and held St. Paul had a duty to defend Plaintiffs in the cross action. St. Paul did not appeal, and thereafter agreed to defend Plaintiffs and paid $2,379,443.67 to Plaintiffs or their attorneys, among other amounts.

On June 13, 2014, Plaintiffs filed this lawsuit against St. Paul in the San Diego Superior Court, asserting causes of action for Breach of the Duty to Defend, and Breach of Contract and Implied Covenant. On August 24, 2014, St. Paul answered the complaint. (*Notice of Removal* [Doc. 1] Ex. C.) Four days later, St. Paul removed the case to this Court. (*See Notice of Removal*.) On September 22, 2014, Plaintiffs filed a Demand for Jury Trial. (*Jury Demand* [Doc. 5].) St. Paul now seeks to strike Plaintiffs' demand on the ground that it was untimely, and thus Plaintiffs waived the right to a jury trial.

## II. DISCUSSION

St. Paul argues Plaintiffs jury demand is untimely because St. Paul's answer was filed before removal and Plaintiffs did not file their demand until 29 days after being served with the notice of removal. (*P&A* [Doc. 68-1] 2:11–17.) St. Paul also argues that Plaintiffs are not entitled to relief from their jury-trial waiver because (1) Plaintiffs have

2

14-CV-2021 W (BLM)

not filed a motion for relief under Federal Rule of Civil Procedure 39(b) and (2) even if they had filed a motion, Plaintiffs cannot justify relief from their waiver. (*Id.* 2:18–4:4.)

Plaintiffs argue the 14-day requirement does not apply and thus their jury demand is not untimely because this case is governed by Federal Rule of Civil Procedure 81(c)(3)(A). (*Opp'n* [Doc. 71] 2:9–4:15.) That rule provides, in pertinent part:

> If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.

Id. According to Plaintiffs, this provision governs because California law does not require an express demand for jury trial.

Plaintiffs' contention that California law does not require an express jury demand has been rejected by the Ninth Circuit, as well as a number of district courts in this circuit. See Lewis v. Time Inc., 710 F.2d 549, 556 (9th Cir. 1983) ("Under California law, a litigant waives trial by jury by, inter alia, failing to 'announce that one is required' when the trial is set. Cal.Civ.Proc.Code §§ 631, 631.01. (West 1982 Supp.). We understand that to mean that an 'express demand' is required.") (overruled on other grounds in Unelco Corp. v. Rooney, 912 F.2d 1049 (9th Cir. 1990)); Wave House Belmont Park, LLC v. Travelers Property Casualty Company of America, 244 F.R.D. 608, 613 (S.D. Cal. 2007) (rejecting plaintiff's argument that California law does not require an express jury demand); Barnes v. Sony Music Entertainment Inc., 2015 WL 12911759 * 2 (C.D. Cal. 2015) (same); Darby v. Allstate Ins. Co., 1995 WL 568481 *1 (S.D. Cal. 1995) (same). Plaintiffs nevertheless argue the Ninth Circuit's decision in Lewis is no longer good law because it predates an amendment to California Code of Civil Procedure § 631, which governs jury-trial demands. (*Opp'n* 3:24–4:13.) Plaintiffs, however, offer no federal or California case law supporting this contention.

In contrast, in Wave House, the district court considered the effect of the amendment and concluded California law continues to require "an express demand to

obtain a jury trial" and, therefore, found the plaintiff "cannot rely on the provision in Rule 81(c) excusing a party from filing a jury demand where the case is removed from a state court that does not require an express demand." Id. 244 F.R.D. at 613. This Court is persuaded by Wave House's analysis and, therefore, rejects Plaintiffs' argument. Because California law requires a jury demand, Plaintiff's Demand for a Jury Trial was untimely.

Alternatively, Plaintiffs argue that this Court should construe their opposition to St. Paul's motion to strike as a motion under Federal Rule of Civil Procedure 39(b) for relief from their waiver. (*Opp'n* 5:19–22.) Plaintiffs then contend they are entitled to relief because (1) their jury demand was the product of a fair reading of California law and not due to oversight or inadvertence, and (2) St. Paul will not suffer prejudice because a trial date has not been set in this case. (*Id.* 5:11–15.)

As an initial matter, Plaintiffs' request for relief in their opposition is improper. Rule 39(b) specifically requires a party to file a motion: "… the court may, *on motion*, order a jury trial on any issue for which a jury might have been demanded." Plaintiffs have not filed a motion and, therefore, are not entitled to relief. However, even if Plaintiffs' request was appropriate, they have not satisfied the requirement under the rule.

Rule 39(b) gives the court discretion to grant a jury trial where a party's demand for a jury is untimely. Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001). "However, the Ninth Circuit forbids the district court from granting relief if the demand was untimely because of counsel's 'oversight or inadvertence.'" Wave House, 244 F.R.D. at 613. In Pacific Fisheries, the Ninth Circuit held that a "good faith mistake of law" constitutes inadvertence or oversight, and thus rejected plaintiff's motion for relief under Rule 39(b). Id., 239 F.3d at 1002. Thus,

Plaintiffs' "fair reading" of the California statute constitutes inadvertence or oversight, precluding relief under Rule 39(b).[1]

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** St. Paul's motion [Doc. 68], **DENIES** Plaintiffs' request for relief, and **STRIKES** Plaintiffs' Demand for Jury Trial [Doc. 5].

**IT IS SO ORDERED.**

Dated: March 7, 2018

Hon. Thomas J. Whelan
United States District Judge

---

[1] Moreover, "[w]here inadvertence is the cause of delay, the court denies relief even if the delay did not prejudice the opposing side." Wave House, 244 F.R.D. at 613 (citations omitted). Thus, even if Plaintiffs' delay did not cause St. Paul prejudice, Plaintiffs are not entitled to relief under Rule 39(b).

5